Filed & Entered
On Docket
July 16, 2012

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

_____
In re:
    Bruce Alan Wolffing,                                   Chapter 7 Case
                 Debtor.                                                    # 12-10168
_____
Bruce Alan Wolffing and
Mary R. Wolffing,
             Plaintiffs,
      v.                                                             Adversary Proceeding
Decision One Mortgage Company, LLC,                   # 12-1008
Household Bank, FSB,
Mortgage Electronic Registration Systems, Inc.,
HSBC Mortgage Services, and
Household Finance Corporation II,
             Defendants.
_____

*Appearances*:  Bruce Alan Wolffing and Mary R. Wolffing      Andre D. Bouffard, Esq.
                        Littleton, NH                                                  Burlington, VT
                        The Plaintiffs Pro Se                                  For the HFC II Defendants

## MEMORANDUM OF DECISION
### DENYING THE PLAINTIFFS' TRO MOTION, GRANTING THE HFC II DEFENDANTS' MOTION TO DISMISS THE ADVERSARY PROCEEDING, AND DENYING AS MOOT THE PLAINTIFFS' MOTION TO JOIN

On March 5, 2012, Bruce Alan Wolffing (the "Debtor") filed a *pro se* Chapter 7 petition (# 12-10168, doc. # 1). On April 3, 2012, the Debtor and Mary R. Wolffing (together, the "Plaintiffs") filed a *pro se* complaint initiating the instant adversary proceeding (doc. # 1-1).[1] On May 31, 2012, Defendants Household Bank, FSB, Mortgage Electronic Registration Systems, Inc., HSBC Mortgage Services, and Household Finance Corporation II (collectively, the "HFC II Defendants") filed a motion to dismiss the adversary proceeding (doc. # 11; see also doc. # 17-1) (the "motion to dismiss"), and the Plaintiffs subsequently filed a response (doc. # 16). On June 11, 2012, the Plaintiffs filed a motion captioned as a "motion for temporary restraining order due to violation of U.S.C. 11 automatic stay, for citation of contempt, for sanctions and damages" (doc. # 14) (the "TRO motion"). On June 12, 2012, the Plaintiffs filed a motion to join Andre D. Bouffard, Esq., attorney for the HFC II Defendants, as a defendant in this

---

[1] All document numbers refer to the instant adversary proceeding, AP # 12-1008, unless otherwise indicated.

adversary proceeding (doc. # 15) (the "motion to join"). For the reasons set forth below, the Court denies the Plaintiffs' TRO motion, grants the HFC II Defendants' motion to dismiss, and denies as moot the Plaintiffs' motion to join.

## JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, declares it to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (K), and concludes it has authority to enter a final judgment.

## PROCEDURAL AND FACTUAL BACKGROUND

On June 15, 2012, the Court entered a scheduling order to address the pending motions in this adversary proceeding (doc. # 20). With respect to the motion to dismiss, the Court set a June 22nd deadline for the HFC II Defendants to file a reply (doc. # 20, ¶ 1). The HFC II Defendants did not file a reply, and the Court therefore considered the motion to dismiss fully submitted as of June 23, 2012. Regarding the TRO motion, the Court set a June 28th deadline for the Defendants to file a response (doc. # 20, ¶ 3). The Defendants did not file a response; the Court thus considered this matter fully submitted as of June 29, 2012.[2] Turning to the motion to join, the Court set a June 28th deadline for the Defendants to file a response, and a July 5th deadline for the Plaintiffs to file a reply (doc. # 20, ¶¶ 6–7). The HFC II Defendants filed a response on June 28, 2012 (doc. # 26). The Plaintiffs filed a reply on July 5, 2012 (doc. # 27), and the Court considered this matter fully submitted as of July 6, 2012.[3]

## DISCUSSION

There are three open motions pending in the proceeding, all of which will be addressed in this decision.

**I. The Plaintiffs' TRO motion is denied.**

The Debtor filed a voluntary bankruptcy petition on March 5, 2012 (# 12-10168, doc. # 1). The Plaintiffs argue that the HFC II Defendants, through their attorney, Andre D. Bouffard, Esq., violated the automatic stay provisions of 11 U.S.C. § 362(a) by filing the following documents in Vermont Superior Court: 1) on April 11, 2012, a letter requesting a writ of possession and a certified copy of the judgment and decree; 2) on April 11, 2012, a proposed certificate of non-redemption; and 3) on April 19, 2012, a proposed writ of possession (doc. # 14, p. 2, ¶¶ 4–6, 8, p. 11).[4] The Plaintiffs appear to also argue that the

---

[2] On July 9, 2012, the Court denied as moot the Plaintiffs' motion to enlarge the time to file a reply since the Defendants had not filed a response (doc. # 29).

[3] The Plaintiffs' reply (doc. # 27) also supplements their response to the HFC II Defendants' motion to dismiss (see doc. # 16). Accordingly, the Court will consider this filing when addressing the motion to dismiss.

[4] All statutory citations refer to Title 11 of the United States Code (the "Bankruptcy Code") unless otherwise indicated.

Vermont Superior Court issued a ruling in violation of the automatic stay on April 27, 2012 (doc. # 14, p. 2, ¶¶ 7–8). In support of this argument, they attach a copy of the state court docket that states:

> 04/27/12 Order regarding plaintiff's request for writ of possession stating 'Court will need an entry from Bankruptcy Ct [sic] stating no stay with respect to forclosure [sic] before proceeding'

(doc. # 14, p. 11).

The controlling bankruptcy statute, § 362(a) provides in relevant part:

Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(1)  the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2)  the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3)  any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4)  any act to create, perfect, or enforce any lien against property of the estate;

(5)  any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title . . ..

11 U.S.C. § 362(a). Although the automatic stay is extremely broad, it does not enjoin parties from taking steps that are properly characterized as "ministerial" acts. See, e.g., Rexnord Holdings v. Bidermann, 21 F.3d 522, 527 (2d Cir. 1994) (finding that entry of judgment by court clerk is ministerial act and not continuation of judicial proceedings under § 362(a)(1)). The issuance of a writ of possession after strict foreclosure is a ministerial act and is therefore not subject to the automatic stay. Canney v. Merchs. Bank (In re Frazer), 284 F.3d 362, 375 (2d Cir. 2002). Likewise, the act of recording a certificate of non-redemption is a ministerial act and not barred by the automatic stay provisions of § 362. Id. at 374; see also Heikkila v. Carver (In re Carver), 828 F.2d 463, 464 (8th Cir. 1987) (holding that certification of non-redemption by the court is ministerial act not stayed by § 362).

The Plaintiffs' assertion that the HFC II Defendants violated § 362(a) by filing with the state court a letter requesting a writ of possession, a certified copy of the judgment and decree, a proposed certificate of non-redemption, and a proposed writ of possession fails to recognize the ministerial nature of these filings. All of these filings are ministerial acts and are outside the scope of the automatic stay. Further, the Vermont Superior Court order that it will not proceed without an order from this Court stating there is no stay with respect to foreclosure is not a continuation of the state court action. Rather, it is just the

opposite: the docket entry plainly states that the Vermont Superior Court would proceed no further without direction from this Court regarding the automatic stay. Accordingly, the Court finds that the Plaintiffs have failed to establish any violation of the stay, and denies all prayers for relief in the Plaintiffs' TRO motion.

## II.  The HFC II Defendants' motion to dismiss is granted.

The HFC II Defendants move to dismiss the Plaintiffs' *pro se* complaint for lack of subject-matter jurisdiction, arguing that the complaint is barred by the Rooker-Feldman doctrine (doc. # 11, pp. 4–6). The Plaintiffs dispute that the Rooker-Feldman bar applies (doc. # 16; see also doc. # 27).

"When considering a motion to dismiss a *pro se* complaint, the court must interpret the complaint liberally to raise the strongest arguments that the allegations suggest." Alaimo v. Gen. Motors Corp., 2008 U.S. Dist. LEXIS 92985, *5 (S.D.N.Y. May 28, 2008) (citing Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)). "Plaintiffs' *pro se* pleadings must be held 'to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Hughes v. Rowe, 449 U.S. 5, 9 (1980)).

"Under the Rooker-Feldman doctrine, lower federal courts lack subject-matter jurisdiction over claims that effectively challenge state-court judgments." Wilson v. Deutsche Bank Nat'l Trust (In re Wilson), 410 Fed. Appx. 409, 410 (2d Cir. 2011) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486–87 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923). "After the doctrine was modified by the Supreme Court in Exxon Mobil Corp. v. Saudi Basic [Indus.] Corp., 544 U.S. 280[] (2005), [the Second Circuit] held that there are four requirements that must be met before the Rooker-Feldman doctrine may apply: (1) 'the federal-court plaintiff must have lost in state court;' (2) 'the plaintiff must complain of injuries caused by a state-court judgment;' (3) 'the plaintiff must invite district court review and rejection of that judgment;' and (4) 'the state-court judgment must have been rendered before the district court proceedings commenced.' Id. (quoting Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005)).

Here, it is clear from the complaint that the Plaintiffs lost in state court. The Plaintiffs attach as Exhibit 1 to the complaint a copy of the Vermont Superior Court judgment and decree of strict foreclosure procured by, *inter alia*, Defendant Household Finance Corporation II (doc. # 1-1, pp. 39–43).[5] Thus, the first Rooker-Feldman requirement is met.

---

[5] The parties to the Vermont Superior Court action appear to be Defendant Household Finance Corporation II (as plaintiff in that action), the Plaintiffs, the Wolffing Family Trust through its Trustees Scott D. Heineman and Kurt F. Johnson, and the State of Vermont Department of Taxes (as defendants in that action), the Plaintiffs (as counter-claimants), and Household Finance Corporation II, Mortgage Alternatives Corp. d/b/a Mortgage Advocates and Household Finance Corporation II as Successor in Interest to Household Mortgage Funding Corporation (see doc. # 1-1, p. 40). The Plaintiffs also assert that Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Household Mortgage Funding Corporation was a plaintiff in the Vermont Superior Court action (see doc. # 1-1, p. 7).

The adversary proceeding complaint seeks the Court's review and rejection of the Vermont Superior Court judgment and decree of strict foreclosure in that it seeks an order vacating the foreclosure judgment and declaring the Vermont Superior Court action void *ab initio* based on lack of standing (doc. # 1-1, p. 13). Therefore, the third Rooker-Feldman requirement is met.

Further, the record unequivocally demonstrates that the Vermont Superior Court foreclosure judgment was rendered before the bankruptcy proceedings commenced. The foreclosure judgment attached as Exhibit 1 to the complaint is dated August 31, 2011, and required the Plaintiffs to redeem by March 2, 2012 (doc. # 1-1, pp. 40, 43). The Debtor filed his Chapter 7 petition on March 5, 2012 (# 12-10168, doc. # 1), and the Plaintiffs filed the complaint on April 3, 2012 (doc. # 1-1). Accordingly, the fourth Rooker-Feldman requirement is met.

Turning last to the second Rooker-Feldman requirement, the Court assesses whether the injuries of which the Plaintiffs complain all arise from the Vermont Superior Court foreclosure judgment. The Plaintiffs complain that their injury is the loss of their real property and that it occurred as a result of the state court's entry of a foreclosure judgment against them (doc. # 1-1, pp. 4, 11). The Plaintiffs assert that this injury was caused by several aspects of the foreclosure judgment, all of which they assert ought to render that judgment void: (a) the state court plaintiffs' lack of standing (doc. # 1-1, pp. 6, 7, 8, 9, 10, 12, 13); (b) the state court plaintiffs' failure to comply with due process requirements, Vermont law, and court rules (doc. # 1-1, pp. 9, 11); (c) the state court plaintiffs' coercion of the instant Plaintiffs into signing a stipulation without effective counsel (doc. # 1-1, p. 11); and (d) the state court plaintiffs' use of fraud and misrepresentations to the court in their procurement of the foreclosure judgment (doc. # 1-1, pp. 4, 8, 9, 11, 12). The Rooker-Feldman doctrine prohibits "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp., 544 U.S. at 284. Based upon the Plaintiffs' pleadings, the Court finds that the all injuries of which the Plaintiffs complain arise from factors related to the state court foreclosure judgment and therefore that the second Rooker-Feldman requirement has also been satisfied.

However, the inquiry does not end there because there is an exception to the Rooker- Feldman bar for fraud. Since the Plaintiffs argue that the plaintiff(s) in the Vermont Superior Court action procured the foreclosure judgment through fraud and misrepresentations, this Court may have jurisdiction even if all four Rooker-Feldman criteria are established. See In re Ward, 423 B.R. 22, 29 (Bankr. E.D.N.Y. 2010) ("It has also been held that the Rooker-Feldman doctrine does not prevent the collateral attack on a state court judgment which is alleged to have been procured through fraud, if the claim now asserted is independent from the claim that the state court judgment was erroneous."); see also Mac Pherson v. State

5

St. Bank & Trust Co., 452 F. Supp. 2d 133, 140 (E.D.N.Y. 2006) (finding that a claim that alleges fraud in the procurement of the judgment may survive the Rooker-Feldman bar). Thus, if the alleged cause of the Plaintiffs' injury is the Defendants' misrepresentations, the Court would have subject-matter jurisdiction over the Plaintiffs' claim.

Assuming *arguendo* that the Court does have subject-matter jurisdiction over the Plaintiffs' fraud claim, the HFC II Defendants argue, as an alternative basis for dismissal, that this Court is precluded from adjudicating that claim based upon the equitable principle of *res judicata* (doc. # 11, pp. 6–7). The Plaintiffs dispute that *res judicata* bars this Court from adjudicating their causes of action in the complaint (doc. # 16; see also doc. # 27).

"To prove that a claim is precluded under th[e] doctrine [of *res judicata*], 'a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.'" Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001) (quoting Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284–85 (2d Cir. 1999)).

Here, it is clear from the complaint that the previous action involved an adjudication on the merits, as a copy of the Vermont Superior Court judgment and decree of strict foreclosure dated August 31, 2011 is attached to the complaint (doc. # 1-1, pp. 40–43). Thus, the first *res judicata* requirement is met.

The next inquiry must be whether the state court action involved the same parties as the instant adversary proceeding, or those in privity with them. Both the Plaintiffs to the instant adversary proceeding were parties to the Vermont Superior Court action (see doc. # 1-1, p. 40). Although none of the Defendants to the instant adversary proceeding other than Defendant Household Finance Corporation II were parties to the Vermont Superior Court action (see doc. # 1-1, p. 40), the complaint alleges that the other Defendants to the instant adversary proceeding acted with Defendant Household Finance Corporation II "to obtain possession of the Petitioner's real property by enforcement of an illegal . . . Judgment and Decree of Strict Foreclosure" (doc. # 1-1, pp. 3–4). Therefore, the second *res judicata* requirement is met.

Regarding the third and final *res judicata* requirement, the Court must ascertain whether the claim asserted in the instant adversary proceeding was, or could have been, raised in the Vermont Superior Court action. The Plaintiffs allege in the instant complaint that the foreclosure judgment was procured through fraud and misrepresentations:

> "the [foreclosure judgment] is onerous on it's [sic] face, was wrought in fraud, prosecuted by a blatant fraud perpetrated by Respondents upon Petitioners and the VT court. It was obtained illegally by Respondents therefore moot and unenforceable as Respondents to this have not proven they have any right title or interest to have prosecuted a[n] illegal foreclosure action to the detriment of Petitioners."

6

(doc. # 1-1, pp. 11–12). The Plaintiffs appear to argue that the plaintiff(s) in the Vermont Superior Court action did not have "right title or interest" to pursue a foreclosure judgment in the state court action and thus acted "fraudulently." This argument could not only have been, but apparently was, raised in the Vermont Superior Court action. The foreclosure judgment, which the Plaintiffs attached as Exhibit 1 to their complaint, states in relevant part:

> By Order of July 7, 2010, the Court granted Plaintiff's Motion for Summary Judgment against the Wolffings in all respects, except for Defendants' counterclaim for statutory damages for violation of the federal Truth in Lending Act. *In this Order, the Court ruled that Plaintiff is the holder of the mortgage note entitled to enforce it in this action.*

(doc. # 1-1, p. 41) (emphasis added). Accordingly, the third *res judicata* requirement is met.

In light of the facts and circumstances of the instant dispute, the previous litigation between the Plaintiffs and the HFC II Defendants, and application the Rooker-Feldman doctrine, the Court could only have subject-matter jurisdiction over the instant complaint to the extent the Plaintiffs' claim that the foreclosure judgment was procured through fraud and misrepresentations were properly before the Court. Based upon the procedural history between the parties in state court, and application of the *res judicata* principle, this Court is precluded from considering that claim.

For these reasons, the HFC II Defendants' motion to dismiss this adversary proceeding is granted.[6]

## III. The Plaintiffs' motion to join is denied as moot.

Since the Court has granted the HFC II Defendants' motion to dismiss this adversary proceeding, the Plaintiffs' motion to join Andre D. Bouffard, Esq., as a defendant (doc. # 15) is denied as moot.

### CONCLUSION

For the reasons set forth above, the Court denies the Plaintiffs' TRO motion (doc. # 14), grants the HFC II Defendants' motion to dismiss the instant adversary proceeding (doc. # 11), and denies as moot the Plaintiffs' motion to join (doc. # 15).

This memorandum constitutes the Court's findings of fact and conclusions of law.

July 16, 2012  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

---

[6] The HFC II Defendants also seek to dismiss the Plaintiffs' complaint based the Plaintiff's failure to plead fraud with specificity (see doc. # 11, p. 6). Having granted the HFC II Defendants' motion to dismiss on the grounds that the complaint is barred by either the Rooker-Feldman doctrine or *res judicata*, there is no need to address this argument.